UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                    Case No. 8:19-cr-20-T-33AEP

ALGENIS MENDEZ-QUINONES

_____/

**ORDER**

This matter comes before the Court upon consideration of pro se Defendant Algenis Mendez-Quinones's Motion for Compassionate Release (Doc. # 144), filed on October 5, 2020. The United States responded on October 30, 2020. (Doc. # 148). For the reasons set forth below, the Motion is denied.

**I.   Background**

On December 20, 2019, the Court sentenced Mendez-Quinones to sixty months' imprisonment for distribution and possession with intent to distribute 500 grams or more of a cocaine mixture, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B), and attempt to distribute and possess with intent to distribute 500 grams or more of a cocaine mixture, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). (Doc. # 120). Mendez-Quinones is thirty-seven years old and his projected release date from FCI Coleman Low is March 22, 2024. (Doc. # 148 at 1).

1

In the Motion, Mendez-Quinones requests compassionate release under Section 3582(c)(1)(A)(i), as amended by the First Step Act, because of the COVID-19 pandemic and his underlying health conditions, which include intermittent asthma, obstructive sleep apnea, obesity, a toothache, and hay fever, and his desire to help his wife care for his children. (Doc. # 144-1 at 1-2). Alternatively, Mendez-Quinones's Motion can be construed as requesting that the Court grant him home confinement. (Id.) Mendez-Quinones also requests that he be appointed counsel. (Doc. # 141 at 6). The United States has responded (Doc. # 148), and the Motion is now ripe for review.

## II.  Discussion

### A.  Request for Home Confinement

To the extent that Mendez-Quinones's Motion is construed as requesting that the Court grant him home confinement, it must be denied. The Court has no authority to direct the Bureau of Prisons (BOP) to place Mendez-Quinones in home confinement because such decisions are committed solely to the BOP's discretion. See United States v. Calderon, No. 19-11445, 2020 WL 883084, at *1 (11th Cir. Feb. 24, 2020) (explaining that district courts lack jurisdiction to grant early release to home confinement pursuant to the Second

Chance Act, 34 U.S.C. § 60541(g)(1)(A)). Once a court imposes a sentence, the BOP is solely responsible for determining an inmate's place of incarceration to serve that sentence. See Tapia v. United States, 564 U.S. 319, 331 (2011) ("A sentencing court can recommend that the BOP place an offender in a particular facility or program . . . [b]ut decision making authority rests with the BOP."); 18 U.S.C. § 3621(b) ("The [BOP] shall designate the place of the prisoner's imprisonment[.]").

Therefore, Mendez-Quinones's construed request for home confinement falls outside Section 3582(c)'s grant of authority. The Motion is denied as to this requested relief.

### B. **Request for Compassionate Release**

The United States concedes that Mendez-Quinones has exhausted his administrative remedies but argues that the Motion should be denied on the merits. (Doc. # 148 at 7). The Court concludes that, even assuming that Mendez-Quinones has exhausted his administrative remedies, his Motion must be denied because his circumstances are not extraordinary and compelling.

A term of imprisonment may be modified only in limited circumstances. 18 U.S.C. § 3582(c). Mendez-Quinones argues that his sentence may be reduced under Section

3582(c)(1)(A)(i), which states:

> the court, upon motion of the Director of the Bureau
> of Prisons, or upon motion of the defendant after
> the defendant has fully exhausted all
> administrative rights to appeal a failure of the
> Bureau of Prisons to bring a motion on the
> defendant's behalf or the lapse of 30 days from the
> receipt of such a request by the warden of the
> defendant's facility, whichever is earlier, may
> reduce the term of imprisonment . . . after
> considering the factors set forth in section
> 3553(a) to the extent they are applicable, if it
> finds that [ ] extraordinary and compelling reasons
> warrant such a reduction . . . and that such a
> reduction is consistent with the applicable policy
> statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i). "The First Step Act of 2018 expands the criteria for compassionate release and gives defendants the opportunity to appeal the [BOP's] denial of compassionate release." United States v. Estrada Elias, No. 6:06-096-DCR, 2019 WL 2193856, at *2 (E.D. Ky. May 21, 2019) (citation omitted).

The Sentencing Commission has set forth examples of qualifying "extraordinary and compelling reasons" for compassionate release, including but not limited to: (1) terminal illness; (2) a serious medical condition that substantially diminishes the ability of the defendant to provide self-care in prison; or (3) the death of the caregiver of the defendant's minor children. USSG §1B1.13, comment. (n.1). Mendez-Quinones bears the burden of establishing that

4

compassionate release is warranted. See United States v. Heromin, No. 8:11-cr-550-T33SPF, 2019 WL 2411311, at *2 (M.D. Fla. June 7, 2019) ("Heromin bears the burden of establishing that compassionate release is warranted.").

Although Mendez-Quinones alleges that his underlying health conditions, combined with the COVID-19 pandemic, warrant compassionate release (Doc. # 141-1), he has not sufficiently demonstrated that he has a serious medical condition that substantially diminishes his ability to care for himself in his facility. See USSG §1B1.13, comment. (n.1); see also United States v. Frost, No. 3:18-cr-30132-RAL, 2020 WL 3869294, at *4-5 (D.S.D. July 9, 2020) (denying motion for compassionate release for a COVID-19-positive prisoner who had other medical conditions, including diabetes, severe coronary artery disease, and COPD, because his COVID-19 symptoms were not severe and there was no indication he could not provide self-care while in prison).

Additionally, the Court agrees with the Third Circuit that "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's

spread." United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020). Thus, Mendez-Quinones has not shown an extraordinary and compelling reason that justifies compassionate release and his Motion is denied as to this requested relief.

While Mendez-Quinones's concerns about the COVID-19 pandemic are understandable, the Court notes that several measures have already been taken in response to the pandemic. For example,

> [u]nder the recently enacted CARES Act, Pub. L. No. 116-136, § 12003(b)(2) (2020), "if the Attorney General finds that emergency conditions will materially affect" the BOP's functioning, the BOP Director may "lengthen the maximum amount of time for which [he] is authorized to place a prisoner in home confinement" under 18 U.S.C. § 3624(c)(2). The Attorney General has made such a finding regarding the emergency conditions that now exist as a result of the coronavirus. See Memorandum from Attorney Gen. William Barr to Director of Bureau of Prisons (Apr. 3, 2020), https://www.justice.gov/file/1266661/download.

United States v. Engleson, No. 13-cr-340-3 (RJS), 2020 WL 1821797, at *1 (S.D.N.Y. Apr. 10, 2020). In addition, the BOP has established numerous procedures to combat the spread of COVID-19 within its facilities. See Federal Bureau of Prisons, Updates to BOP COVID-19 Action Plan: Inmate Movement, available at https://www.bop.gov/resources/news/20200319_covid19_update.jsp (last updated Mar. 19, 2020).

Because the Court finds that Mendez-Quinones's Motion

must be denied, his request for appointment of counsel is also denied. See United States v. Bryant, No. cr-416-345, 2020 WL 4939119, at *2 (S.D. Ga. August 24, 2020) (denying request for appointment of counsel as moot following denial of motion for compassionate release).

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant Algenis Mendez-Quinones's pro se Motion for Compassionate Release (Doc. #144) is **DENIED.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 3rd day of November, 2020.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE