UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.   Case No.: 8:19-cr-20-VMC-AEP

ALGENIS MENDEZ-QUINONES

_____/

**ORDER**

This cause comes before the Court pursuant to Defendant Algenis Mendez-Quinones' pro se Motion for Transfer to Home Confinement (Doc. # 155), filed on January 17, 2023. The United States of America responded on January 23, 2023. (Doc. # 158). For the reasons set forth below, the Motion is denied.

**I.   Background**

On December 20, 2019, the Court sentenced Mr. Mendez-Quinones to 60 months' imprisonment for one count of distributing and possessing with intent to distribute 500 grams or more of a cocaine mixture and one count of attempting to distribute and possess with intent to distribute 500 grams or more of a cocaine mixture. (Doc. # 120 at 1–2). Mr. Mendez-Quinones is 39 years old and his projected release date is March 23, 2023.[1]

---

[1] This information was obtained using the Bureau of Prisons' online inmate locator. See https://www.bop.gov/inmateloc/.

1

In the Motion, Mr. Mendez-Quinones seeks to be placed on home confinement. (Doc. # 155 at 1). Mr. Mendez-Quinones requests home confinement because of his recent Lymphoma diagnosis, which renders him more susceptible to infection. (Id.). Mr. Mendez-Quinones is currently in a Bureau of Prisons Residential Reentry Center; however, he contends that his current housing facility is unable to meet his medical needs. (Id.). The United States has responded (Doc. # 158), and the Motion is now ripe for review.

## II. Discussion

This Court begins its discussion by noting, as the United States addresses in its response, that the Local Rules make no allowance for the spouse of a litigant to prepare and file pleadings. Accordingly, the Court would be well within its rights to strike Mr. Mendez-Quinones' Motion, which was prepared and filed by his wife, Nancy Mendez.

Regardless, to the extent that the Motion requests that the Court grant Mr. Mendez-Quinones home confinement, it must be denied on its merits. The Court has no authority to direct the Bureau of Prisons ("BOP") to place Mr. Mendez-Quinones on home confinement because such decisions are committed solely to the BOP's discretion. See United States v. Calderon, 801 F. App'x 730, 731-32 (11th Cir. 2020) (per curiam) (explaining

2

that district courts lack jurisdiction to grant early release to home confinement pursuant to the Second Chance Act, 34 U.S.C. § 60541(g)(1)(A)). Once a court imposes a sentence, the BOP is solely responsible for determining an inmate's place of incarceration to serve that sentence. See Tapia v. United States, 564 U.S. 319, 331 (2011) ("A sentencing court can recommend that the BOP place an offender in a particular facility or program . . . [b]ut decision making authority rests with the BOP."); 18 U.S.C. § 3621(b) ("The [BOP] shall designate the place of the prisoner's imprisonment[.]").

Therefore, Mr. Mendez-Quinones' request to be placed on home confinement falls outside Section 3582(c)'s grant of authority, and the Motion is denied as to this requested relief. For similar reasons, the Court also declines to recommend to the BOP that Mr. Mendez-Quinones be placed on home confinement. See United States v. Phillips, No. 13-cr-80230-BLOOM, 2020 WL 1033400, at *2 (S.D. Fla. Mar. 2, 2020) ("With regard to the request for a recommendation for placement in home confinement in the instant case, Defendant may submit a request for such placement to the BOP, and the Court 'will leave the decision about Defendant's eligibility up to the [BOP], which will be in the best position to

determine whether Defendant's adjustment . . . demonstrates his suitability for home confinement.'" (citation omitted)).

Further, as the United States explains, Mr. Mendez-Quinones has access to private medical care in the halfway house. (Doc. # 158 at 2). Mr. Mendez-Quinones is free to attend appointments at Tampa General Hospital, Moffitt Cancer Center, or anywhere else in the Tampa Bay area. The Court is thus confident that Mr. Mendez-Quinones will be able to receive the care he needs during the remainder of his sentence.

Finally, the Court is also concerned about Mr. Mendez-Quinones' criminal history, which led the BOP to previously deny his request for home confinement. (Id.). Specifically, Mr. Mendez-Quinones had sexual intercourse with his 12-year-old niece on multiple occasions when he was 17 years old. (Id.). The Court thus "leave[s] the decision about Defendant's eligibility [for home confinement] up to the [BOP.]" Phillips, 2020 WL 1033400, at *2.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant Algenis Mendez-Quinones' pro se Motion for Transfer to Home Confinement (Doc. # 155) is **DENIED.**

4

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>16th</u> day of February, 2023.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE